GREMILLION, J.,
concurs in part, dissents in part, and assigns the following reasons.
hi dissent from the majority’s decision to award statutory penalties to John Gou-las. As the majority opinion properly points out, no penalties should be awarded when there is any non-arbitrary, good-faith defense, or reasonable basis for not paying Goulas. Here there are two non-arbitrary, good-faith reasons. First, having dramatically changed the time frame within which Goulas was to expect payment, B & B had a good-faith argument that its obligation had been novated. Certainly the trial court agreed, having expressly found not only that B & B argued for a novation in good-faith, but indeed that a novation existed.
Second, I disagree with the majority opinion that there was no evidence of any non-arbitrary, good-faith allegations of set-off. Neither Jeff Jeurgens’ testimony nor B & B’s suit against Goulas proves that an offset is actually owed. However, it does, in my view, establish a good-faith argument that Goulas’ claims should be relegated to an ordinary breach of contract proceeding which, in all likelihood, would be consolidated with B & B’s setoff lawsuit.
|aI find the appellee’s arguments regarding novation and setoff to be cogent, reasonable, fair, and offered in good-faith. Accordingly, I disagree with the majority’s decision to impose statutory penalties. In all other respects, I concur with the majority’s opinion for the reasons assigned by Judge Genovese.